United States District Court
for the
Southern District of Florida

| George Harrison, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 17-22957-Civ-Scola |
| | ) | |
| The United States of America, Defendant. | ) | |

### Order Granting Motion for Summary Judgment

Before the Court is the Defendant's motion for summary judgment. (the "Motion," ECF No. 45.) The Plaintiff George Harrison ("Harrison") failed to respond to the Motion, or otherwise oppose the relief requested through it. Thus, after reviewing the Defendant's submission and the relevant law, the Court **grants** the Motion and enters judgment for the Defendant.

**1. Background**

Harrison received surgery on his left shoulder at the Miami Veterans Medical Center ("VMC") in February and April, 2013. (ECF Nos. 1, 14 at ¶¶ 7, 10.) The surgeon for these procedures was an employee of the University of Miami ("UM") who operated at the VMC as a contractor under an agreement between UM and the Miami VA Healthcare System ("VA"). (Statement of Material Facts ("SMF"), ECF No. 44 at ¶¶ 1-4.) That agreement provided that "the parties agree that the contractor, its employees, agents and subcontractors shall not be considered VA employees for any purpose." (*Id.* at ¶ 5.) The contract further stated that:

> [T]he professional services rendered by the Contractor or its healthcare providers are rendered in its capacity as an independent contractor. The Government may evaluate the quality of professional and administrative services provided but retains no control over professional aspects of the services rendered, including by example, the Contractor's or its health-care providers' professional medical judgment, diagnosis or specific medical treatments. The Contractor and its health-care providers shall be liable for their liability-producing acts or omissions.

(*Id.* at ¶ 6.)

The Plaintiff claims he suffered permanent nerve damage as a result of these surgeries and asserts a single count for medical malpractice against the

Defendant. (*Id.* at ¶ 26; ECF No. 1.) The sole jurisdictional basis for that claim is the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671 *et seq.*; 28 U.S.C. §1346(b); (ECF No. 1 at ¶ 1.)

The Defendant requests summary judgment in its favor, arguing that: (i) the Court lacks jurisdiction under the FTCA because Harrison's treating physician was an employee of UM and not the United States government; and (ii) Harrison fails to present the necessary expert evidence to establish elements of his medical malpractice claim.

## 2. Summary Judgment Standard

"Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

Further, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## 3. The Court Lacks Jurisdiction

The Defendant argues that no jurisdiction exists under the FTCA because Harrison's treating surgeon was an employee of UM and not the Defendant. (ECF No. 45 at 2-8.)

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United* States, 781 F.3d 1315, 1321 (11th Cir. 2015). Through the FTCA, "the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims." *Id.* However, courts must "strictly observe the limitations and conditions" of this waiver and where "there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.*

One such waiver appears in section 1346(b), which provides original jurisdiction in federal courts over "claims against the United States, for money damages" for "personal injury or death caused by the negligent or wrongful act

or omission of any employee of the Government while acting within the scope of his office or employment."

"The FTCA defines an 'employee of the government' to include 'officers or employees of any federal agency and persons acting on behalf of a federal agency in an official capacity.' Whether an individual is an employee of the United States for the purposes of the FTCA is determined by federal law." *Means v. United States*, 176 F.3d 1376, 1379 (11th Cir. 1999) (alterations omitted; quoting 28 U.S.C. § 2671). Federal courts employ the "control test" in making this determination. *Id.* "Under th[at] test, a person is not an 'employee of the government' for FTCA purposes unless the government controls and supervises the day-to-day activities of the individual." *Id.* (citing *Logue v. United States*, 412 U.S. 521, 526-32 (1973); *United States v. Orleans*, 425 U.S. 807, 815 (1976)). Further, "[c]ontractor[s] with the United States" are explicitly excluded from the definition of "federal agency" under sections 1346(b) and 2401(b). 28 U.S.C. § 2671.

Harrison's treating physician was an independent contractor and not an "employee of the Government" for the purposes of section 1346. For one, UM employed the treating physician—not the United States. (SMF at ¶ 1.) Further, the agreement between UM and the VA clearly and unequivocally states that "the parties agree that the contractor, its employees, agents and subcontractors shall not be considered VA employees for any purpose"; that the Defendant retained "no control over professional aspects of the services rendered"; and that "[t]he Contractor and its health-care providers shall be liable for their liability-producing acts or omissions." (*Id.* at ¶¶ 5, 6.) Harrison does not contest these facts, or otherwise argue that the conduct of the physician and Defendant differed in any way. Fed. R. Civ. P. 56(e)(2). The Eleventh Circuit held that a physician was not a federal employee in a materially indistinguishable case, where suit was brought against a private physician who performed medical services at a VA hospital under a contractor agreement between the United States and the physician's private practice group. *Dutton v. United States*, 621 F. App'x 962, 965-66 (11th Cir. 2015). In line with this binding precedent, the Court holds that Harrison's treating physician was an "independent contractor, [and] not a federal employee" under the FTCA. *Id.* As Harrison cannot sustain his claim under the FTCA and asserts no other basis for federal jurisdiction, the Court must dismiss his claim without prejudice for lack of subject matter jurisdiction. *Zelaya*, 781 F.3d at 1321-23.

## 4. Conclusion

The Defendant's motion for summary judgment (ECF No. 45) is **granted**, and this case is **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk is directed **close** this case. All pending motions are **denied as moot.**

**Done and ordered**, in chambers, in Miami, Florida on October 10, 2018.

Robert N. Scola, Jr.
United States District Judge